UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
SOUTHERN DIVISION AT HOUSTON

FILED DEC 12 2011

| | | |
|---|---|---|
| MALON JACKSON, | ) | |
| | ) | USDC Case No. 4:11-cv- 2573 |
| Movant, | ) | |
| | ) | USDC Case No. 4:08-cr-0569-2 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Hon. Sim Lake, III |
| | ) | United States District Judge |
| Respondent. | ) | |

## MOVANT - APPELLANTS'S *PRO SE* NOTICE OF APPEAL AND CONTEMPORANEOUS REQUEST FOR CERTIFICATE OF APPEALABILTY PURSUANT TO RULE 4(a)(1), F.R.A.P. AND 28 U.S.C. §2253

COMES NOW MALON JACKSON Movant-Appellant *pro se*, in the above styled and numbered cause and respectfully moves before this Court with her timely Notice of Appeal and Annexed Request for a Certificate of Appealability.

IN SUPPORT THEREOF, Movant-Appellant would show the Court the following facts, circumstances and points of law:

I.

A. Notice of Appeal

On November 03, 2011, this Court entered an Order and Judgement (Doc #246 & #247 respectively), denying in all respects and dismissing Movant's then pending Motion to Vacate filed pursuant to 28 U.S.C. §2255, collaterally attacking the judgment of this Court.

Accordingly, pursuant to Rule 4(a)(1)(B), Federal Rules of Appellate Procedure ("F.R.A.P.") and 28 U.S.C. §2255(d), Movant-Appellant ("Jackson") now timely submits

her Notice of Appeal from that Judgment and Order and each and every part thereof.

Jackson respectfully and specifically seeks issuance of a Certificate of Appealability ("COA") on the issues and questions set forth below pursuant to 28 U.S.C. §2253(a),(c)(1)(B) & (c)(2-3).

## II.

A.  **Request and Application For Issuance of COA**

Pursuant to 28 U.S.C. §2253 and the applicable Local Rules of Court, Jackson timely advances her request for COA from this Court on each of the following Grounds relating to issues raised within her original §2255 Motion, supporting pleadings, this Court's Decision and Order, and as follows:

[1].  **First Question Presented on Request and Application for COA**

Did this Court err or alternatively abuse its discretion by determining that whether or not attorney failed to inform her client of the elements of aggravated identity theft or the consecutive sentence which would be imposed as a result of guilty plea, did not constitute prejudice?

[2].  **Second Question Presented on Request and Application for COA**

Did this Court err or alternatively abuse its discretion by determining that failure to challenge aggravated identity theft conviction and sentence on direct appeal did not constitute ineffective assistance of counsel because like-kind issues was raised and rejected by co-defendant?

[3].  **Third Question Presented on Request and Application for COA**

Where government advised court of intervening and directly controlling Supreme Court precedent and each defendant was given the right to appeal their convictions in their respective plea agreements in light of the decision by the government, does failure to do so constitute ineffective assistance of counsel on appeal?

**[4].** <u>**Fourth Question Presented on Request and Application for COA**</u>

Does failure of appellate counsel to raise and argue preserved sentencing issue which directly affected guideline consideration, relevant conduct, and sentence imposed relating to loss amount, constitute ineffective assistance of counsel where no statement or affidavit of attorney's decision was provided to the court for consideration?

### III.

Accordingly, Jackson advances that she has presented viable and compelling questions which encompass the required "substantial showing of the denial of a constitutional right" and that "jurists of reason would find this court's denial of those claims debatable or wrong." [1] She therefore seeks certification of the questions posed or some derivative thereof.

WHEREFORE, premises considered and for good cause shown, Movant-Appellant Malon Jackson respectfully requests that this Court issue a COA as to each of her claims and questions advanced above and as fully set forth and argued in her 28 U.S.C. §2255 Motion to Vacate, Memorandum of Law, and supporting pleadings.

Dated: December 7, 2011                     Respectfully submitted,

By: ___Mal Jackson___
Malon Jackson
No. 18049-097
SPC Dublin
5675 8th Street Camp Park
Dublin, CA 94568

---

[1] See, *Slack v. McDaniel* 529 U.S. 473, 484 (2000) and *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

## DECLARATION

I Malon Jackson herein declare under penalty of perjury that I am the Movant *pro se* in the above stated matter and that the foregoing is true and correct based upon information and belief and not willfully false. I make this declaration pursuant to 28 U.S.C. § 1746 this __7__ day of December, 2011.

By: _____<br>
Malon Jackson<br>
No. 18049-097<br>
SPC Dublin<br>
5675 8th Street Camp Park<br>
Dublin, CA 94568

## CERTIFICATE OF SERVICE

I herein certify that a true and correct copy of the foregoing was sent via first class United States mail with postage prepaid and affixed thereon this __7__ day of December, 2011 to: Office of the U.S. Attorney, Southern District of Texas, Attn: Mary Jane Harmon, AUSA, at P.O. Box 61129, Houston, TX 77208.

By: _____<br>
Malon Jackson<br>
No. 18049-097<br>
SPC Dublin<br>
5675 8th Street Camp Park<br>
Dublin, CA 94568

Malon Jackson 18049-097
Satellite prison camp
FCI 75 8th St @ camp park
Dublin CA 94568

✧18049-097✧
Clerk Of The Court
515 RUSK ST
Houston, TX 77002
United States

U.S Courthouse